495 S.E.2d 561

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**John Ray STROCK, Defendant Below, Appellant.**

No. 23985.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1997.

Decided Oct. 28, 1997.

handed over by the appellant would operate the vehicle.

The appellant who was present then indicated that he wanted to change his story. Trooper Crowder informed him that he did not have to say anything, but the appellant blurted out that he had driven the car to the magistrate office.

Only after he made this statement was the defendant read his *Miranda* rights. Then, after signing a waiver of rights, he gave a confession indicating that he had driven the 1987 Dodge Charger to the magistrate court to bail his brother out of jail.

The appellant was charged with three misdemeanors, driving under the influence of alcohol, driving while his license was revoked for driving under the influence of alcohol, and knowingly providing false information to a Department of Public Safety Officer. A trial was conducted in magistrate court on November 21, 1995, and the appellant was found guilty on all three counts. He then appealed to the Circuit Court of Mercer County.

Prior to the circuit court trial the appellant's attorney filed no pre-trial motions, and he did not otherwise move to suppress the statements made by the appellant prior to, and in conjunction with the arrest. During the actual trial Trooper Crowder, without any objection being interposed by defense counsel, testified regarding the appellant's statements. At the conclusion of his testimony, defense counsel moved to strike the evidence of the statements. The trial court deferred ruling on this motion. The motion was renewed at the conclusion of the State's case, and the trial court again deferred ruling. At the conclusion of the trial the motion was apparently forgotten; the trial judge did not make a ruling, and appellant's counsel did not renew the motion.

Darrell V. McGraw, Jr., Attorney General, Rory L. Perry, II, Assistant Attorney General, Charleston, for the Appellee.

David C. Smith, White, Smith, Morgan & Scantlebury, Bluefield, for the Appellant.

PER CURIAM: [1]

The appellant in this proceeding, John Ray Strock, was convicted of two alcohol-related driving offenses and of giving false information to a police officer. On appeal he claims that the trial court erred in not striking a confession given by him and that the State failed to prove the essential elements of the crimes charged.

The record shows that the appellant, who at the time was obviously intoxicated, appeared at a magistrate's office in Bluefield on October 24, 1995, to bail his brother out of jail. West Virginia State Police Trooper Crowder, who was present, and who was aware that the appellant's sister-in-law had previously reported the keys to her 1987 Dodge Charger stolen, placed the appellant under arrest for public intoxication and asked how he had gotten to the magistrate office. The appellant denied he had driven, but he gave Trooper Crowder his keys. Trooper Crowder then went to the parking lot adjoining the office and saw a 1987 Dodge Charger. Further investigation revealed that the hood was warm and that the keys

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

■ This Court believes that the appellant's first claim on appeal, that the trial court erred in failing to strike the testimony relating to his statements, is without merit. Rule 12(b) of the West Virginia Rules of Criminal Procedure specifically states: "The following must be raised prior to trial: ... (3) Motions to suppress evidence unless the grounds are not known to the defendant prior to trial ..." The Court believes that the appellant, by failing to move to suppress the statements in issue, of which he was well aware, prior to trial, effectively waived his right to challenge their admission into evidence. See *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995).

■ The Court also believes that the appellant's second claim, that the State failed to prove all of the essential elements of the crimes charged and that the defendant's convictions are contrary to the evidence in the case, is without merit.

■ In Syllabus Point 3 of *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995), this Court said in part:

A criminal defendant challenging the sufficiency of the evidence to a support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and creditability assessments that the jury might have drawn in favor of the prosecution.... Creditability determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt.

The essential elements for driving under the influence of alcohol are that an individual (1) drive (2) while under the influence of alcohol. See W.Va.Code § 17C-5-2. Here, wholly apart from the confession, there was circumstantial evidence indicating that the appellant was driving or did drive immediately prior to his arrival at the magistrate office. The keys which he handed over to Trooper Crowder fit the locks and operated the ignition switch on the 1987 Dodge Charger, which was parked immediately outside in the magistrate's parking lot with a warm engine, all facts strongly suggesting that the appellant who was present had immediately thereto operated that particular vehicle. Further, the fact that the appellant was under the influence of alcohol was demonstrated through evidence of the appellant's failure to pass a number of field sobriety tests, through Trooper Crowder's personal observations, and through other evidence which need not be detailed here. To support the second charge, that the appellant had operated a vehicle while his license was revoked for driving under the influence, evidence was adduced showing that the appellant's driver's license had been revoked prior to the magistrate court incident. Lastly, the fact that the defendant completely changed his story on the night of his arrest and gave two conflicting versions necessarily demonstrates that both cannot be true; therefore, one version of the story given to Trooper Crowder must be untrue and constitutes giving false information to a police officer. Accordingly, we find there was ample proof of this charge.

For the reasons stated, the judgment of the Circuit Court of Mercer County is affirmed.

Affirmed.